593 P.2d 1072

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**William Allen ADAMS, Defendant-Appellant.**

No. 12033.

Supreme Court of New Mexico.

April 30, 1979.

Reginald J. Storment and Martha A. Daly, Appellate Defenders, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Ralph W. Muxlow, II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

EASLEY, Justice.

Adams was convicted of first-degree felony murder based on robbery. He appeals. We affirm.

Adams raises two points on appeal: whether substantial evidence supports the trial court's finding that Adams' confession was voluntary; and whether the jury was properly instructed on the essential elements of felony murder.

Adams contends that his confession was not voluntary because it was induced by an implied promise of leniency. He relies on the testimony of Officer Archuleta who testified that Adams had asked him if it might go easier on him if he made a statement; but that Archuleta did not remember his exact reply to Adams. Since he believed he was offered leniency and Archuleta did not remember his *exact* words, Adams claims there was no substantial evidence that he was *not* offered leniency. However, a review of the transcript clearly contradicts Adams' position.

Adams testified at the suppression hearing:

Well, like I said, when I asked about the leniency, he said he did not—He didn't answer me directly that it would help. He didn't say that it wouldn't help.

. . . . .

Well, he told me that if I would make a statement, now, it would be the best time to make it because it would go easier somehow.

Officer Archuleta testified as follows: [H]e implied that he wanted to know whether leniency would be granted and I flat out advised Mr. Adams that I am in no position to make any kind of promises whatsoever and that I want that understood. If he wanted to give me a statement, I will take it. If not, that's all I have to say to you.

. . . . .

I do honestly remember not making any kind of suggestion towards leniency; that much I do know.

After the evidentiary hearing, the trial court denied Adams' motion to suppress his confession. Our question is whether the trial court's decision is supported by substantial evidence. *Rodriquez v. State,* 91 N.M. 700, 580 P.2d 126 (1978). *State v. Watson,* 82 N.M. 769, 771, 487 P.2d 197, 199 (1971) holds:

A prima facie case for admission is made where the officers testify that the confession was obtained without threat or coercion or promise of immunity. If the accused confesses because he was induced by the promise that his punishment will not be so severe as it otherwise might be, the confession is not admissible because it was not voluntary. State v. Lord, 42 N.M. 638, 84 P.2d 80 (1938).

There is substantial evidence in the record that Adams' confession was not obtained by an express or implied promise of leniency.

■ Adams argues that the jury was not properly instructed on all the essential elements of felony murder. He relies on *State v. Harrison,* 90 N.M. 439, 564 P.2d 1321 (1977), which held that in a felony murder the death must be caused by the acts of the defendant or his accomplice without an independent intervening force. In *Harrison,* this court stated, "In view of this decision, N.M.U.J.I.Crim. 2.04 . . . will have to be altered to conform herewith." *Id.* at 442, 564 P.2d at 1324.

Paragraph 2 of the uniform instruction, both before and after *Harrison,* required that defendant be found to have caused the death of the victim *during the commission of the felony.*

Adams was tried after the decision in the *Harrison* case, but before the amendment to the instruction. The jury was given a modified instruction which incorporated the language of the *Harrison* opinion. The instruction specified that the state must prove that:

3. There is a causal relationship between the robbery and the death of Gregory Martin Kary.

The jury was also instructed that:

Causation consists of those acts of defendant initiating and leading to the homicide without an independent force intervening, even if defendant's acts are unintentional or accidental.

Adams contends that the jury was not instructed that the victim's death had to have been caused during Adams' commission of the felony of robbery. We do not agree.

The instructions given were adequate to define the necessary causal connection between the robbery and the homicide. To return a verdict of guilty, the jury had to find that the death of the victim was caused by Adams' acts in the commission of the robbery.

We affirm the conviction.

IT IS SO ORDERED.

McMANUS, Senior Justice, and FEDERICI, J., concur.