596 P.2d 516

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**James Delbert PERRIN,
Defendant-Appellant.**

**No. 12238.**

Supreme Court of New Mexico.

June 19, 1979.

Martha A. Daly, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Michael A. Kauffman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

Appellant was convicted of felony murder in the District Court of Dona Ana County. The court found that appellant and James Kinslow had entered the Andrews' home for the purpose of committing burglary, and during the commission of this crime, shot and killed Mrs. Patricia Andrews.

Appellant argues two points on appeal: (1) the trial court committed jurisdictional error in failing to properly instruct the jury regarding an essential element of the felony-murder rule; (2) the trial court erred in not declaring a mistrial and by denying a new trial because the State presented appellant's previously undisclosed statement to the jury.

*Erroneous Instruction.*

■ Appellant contends that the trial court erred in failing to include in the jury instruction on felony murder specific language covering an element of that crime, namely, that the murder was committed "during the commission of burglary" as required by N.M.U.J.I.Crim. 2.04, ¶ 2, N.M. S.A. 1978 (Supp.1978).

The court instructed the jury that before appellant could be found guilty of felony murder the State had to prove beyond a reasonable doubt that:

1. The defendant committed the crime of burglary of the residence of Patricia Andrews.

2. The defendant caused the death of Patricia Andrews.

3. There is a *causal relationship* between the burglary and the death of Patricia Andrews.

4. The burglary was independent of or collateral to the death of Patricia Andrews. (Emphasis added.)

This instruction was apparently formulated by the trial court to comply with the result reached in *State v. Harrison*, 90 N.M. 439, 564 P.2d 1321 (1977). In *Harrison*, this Court stated:

Despite the broad wording of the statute, felony murder has evolved to the point that today various limitations have been placed on it. Depending on the jurisdiction, those limitations, both statutory and judicial, include the following: (1) there must be a causal relationship between the felony and the homicide, (2) the felony must be independent of or collateral to the homicide, (3) the felony must be inherently or foreseeably dangerous to human life.

*Id.* at 441, 564 P.2d at 1323 (citations omitted).

In *State v. Adams*, 92 N.M. 669, 593 P.2d 1072 (1979), this Court reviewed *Harrison* and said:

Adams argues that the jury was not properly instructed on all the essential elements of felony murder. He relies on *State v. Harrison*, 90 N.M. 439, 564 P.2d 1321 (1977), which held that in a felony murder the death must be caused by the acts of the defendant or his accomplice without an independent intervening force. In *Harrison*, this court stated, "In view of this decision, N.M.U.J.I.Crim. 2.04 . . . will have to be altered to conform herewith." *Id.* at 442, 564 P.2d at 1324.

Paragraph 2 of the uniform instruction, both before and after *Harrison*, required that defendant be found to have caused the death of the victim *during the commission of the felony.*

Adams was tried after the decision in the *Harrison* case, but before the amendment to the instruction. The jury was given a modified instruction which incorporated the language of the *Harrison* opinion. The instruction specified that the state must prove that:

3. There is a *causal relationship* between the robbery and the death of

Gregory Martin Kary. (Emphasis added.)

*Id.* at 670, 593 P.2d at 1073.

The Court in *Adams* approved the instruction given, affirmed the conviction and concluded that:

The instructions given were adequate to define the necessary causal connection between the robbery and the homicide. To return a verdict of guilty, the jury had to find that the death of the victim was caused by Adams' acts in the commission of the robbery.

*Id.* at 670, 593 P.2d at 1073.

Appellant's contention that the jury instruction in this case was inadequate is foreclosed by *Harrison* and *Adams*.

*Denial of New Trial.*

Appellant contends under this point that the trial court erred in not declaring a mistrial and by denying a new trial because of the State's failure to disclose a statement previously given by appellant to third persons.

 N.M.R.Crim.P. 27, N.M.S.A. 1978 requires disclosure of information which the State intends to introduce at a trial. *See also* N.M.R.Crim.P. 30, N.M.S.A. 1978. The record shows that in this case the State did not intend to introduce the statement since it did not know of the existence of the statement until the trial was in progress. In fact, knowledge of the statement was elicited during questioning of a witness by counsel for appellant. The State could not disclose the statement since it did not know it existed. Furthermore, appellant can claim no surprise as he was the person responsible for its discovery.

The record does not show that appellant was prejudiced by the nondisclosure as required by *Chacon v. State,* 88 N.M. 198, 539 P.2d 218 (Ct.App.1975). Absent a showing of such prejudice there is no reversible error. The burden is on appellant to show that he has been prejudiced by the nondisclosure. *State v. Smith,* 92 N.M. 533, 591 P.2d 664 (1979).

The granting of a mistrial or a new trial is discretionary with the trial court and will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion. *State v. Johnson,* 91 M.M. 148, 571 P.2d 415 (Ct.App.1977); *State v. Padilla,* 86 N.M. 282, 523 P.2d 17 (Ct.App.1974), *cert. denied,* 86 N.M. 281, 523 P.2d 16 (1974).

The judgment and sentence of the trial court is affirmed.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.