484

641 P.2d 515

STATE of New Mexico,
Plaintiff-Appellee,

v.

James Edward EWING,
Defendant-Appellant.

No. 4889.

Court of Appeals of New Mexico.

Feb. 9, 1982.

Jeff Bingaman, Atty. Gen., Charles F. Noble, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Michael R. Gernsheimer, Santa Fe, for defendant-appellant.

## OPINION

LOPEZ, Judge.

The defendant was originally convicted of second degree murder with firearm enhancement. He claims that he acted in self-defense.

Defendant and his girlfriend had gone to the victim's apartment to inform the victim to stop making sexual advances to defendant's wife. An argument started. He then followed the victim to the kitchen. Both men struggled to get a gun that was in a cabinet. The defendant was able to grab the gun first and started shooting at the victim.

The defendant appealed his conviction to the Court of Appeals alleging five points:

1. Whether the trial court erred in refusing to admit documents showing the victim's prior convictions for aggravated assault with a deadly weapon in 1947; voluntary manslaughter in 1948; and negligent use of a firearm in 1979;

2. Whether the trial court erred in not allowing the defense counsel to cross-examine the state's character witness as to her knowledge of the victim's prior convictions;

3. Whether the trial court erred in concluding that a witness was unavailable to testify and so admitting her deposition into evidence;

4. Whether the trial court erred in refusing to grant a mistrial or a continuance because defense counsel lacked an opportunity to interview a witness; and

5. Whether cumulative error resulted in denial of a fair trial.

The Court of Appeals on April 23, 1981, reversed the conviction based upon issues 1, 2 & 3, but did not discuss or consider issues 4 and 5. The Supreme Court of New Mexico granted certiorari and reversed the Court of Appeals decision, *State v. Ewing*, # 13,656 dated January 6, 1982, 638 P.2d 1080, and ordered on remand that the remaining issues alleged by the defendant, which are 4 and 5, be considered by this court.

*Mistrial or a continuance of the trial.*

The defendant challenges the verdict of the jury on grounds that the trial court failed to grant a mistrial or to grant a continuance after the defendant presented the witness Frances Martinez. The facts that led to this witness episode follow. In the opening argument the prosecutor told the jury that Frances Martinez would testify that the defendant told her that he took the gun to Jenkins' apartment. The defense counsel immediately moved for a mistrial. The attorneys approached the bench. Defense counsel asked if Ms. Martinez would in fact testify. The prosecutor said that she was flying in from North Dakota and in answer to the defendant's request for an interview, agreed that the defense could interview her when she came in. After the grand jury hearing, Frances Martinez disappeared from the State of New Mexico and was not found until August 29, 1980 in North Dakota. She appeared in court and testified on Sept. 2, 1980. The defendant objected on grounds that he did not have an opportunity to interview the witness, and that the state had not made her available to him. The defendant further argues that the testimony of Ms. Martinez would deny him of a fair hearing.

On appeal the defendant makes substantially the same argument that he made in the trial court; that is, that the trial court failed to grant a mistrial or failed to continue the case.

At issue on appeal is N.M.R.Crim.P., Rule 27 which requires the state to disclose or make available to the defendant a witness list with the names and addresses of all the witnesses which the prosecutor is intending to call for trial. The record indicates the state complied with this rule and gave the defendant the witness list with the latest addresses about three months before trial. Also, the record indicates that the defendant had copies of the testimony of Frances Martinez before the grand jury. N.M.R. Crim.P. 30 imposes a duty on the State of New Mexico to disclose to the defendant information which it is under a duty to produce or disclose, when such witness or information first becomes known to it. Information which becomes known to a party after initial disclosure must be given promptly to the opposing party. In this case the witness's whereabouts was discovered on August 29th and the defense was notified on September 1, 1980.

The substance of Ms. Martinez' testimony was that the defendant took the murder weapon with him to Jenkins' apartment. The defendant concedes that he did not actually request for a continuance but argues that the court should sua sponte have granted a continuance. He bases his argument on N.M.R.Crim.P. 30 and on fundamental error.

The state argues that we do not have jurisdiction to review the merits of this issue because the defendant failed to preserve error for appeal. We choose to take jurisdiction of the matter.

■ The granting of a new trial or mistrial is discretionary with the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Perrin*, 93 N.M. 73, 596 P.2d 516 (1979). The granting or denial of a continuance is also within the sound discretion of the trial court. *State v. Manus*, 93 N.M. 95, 597 P.2d 280 (1979). Our Supreme Court in *Manus* stated as follows:

The failure to disclose a witness, however, will not aid Manus unless he can show that he was prejudiced thereby. (Citations omitted). In the case now before us, Manus' counsel was given an opportunity to depose Seig prior to his

testifying at trial. On the basis of the information obtained through the deposition, Seig was vigorously and competently cross-examined. *This opportunity to depose this surprise rebuttal witness before his testimony at trial served to remove the prejudice caused by the initial surprise.* (Citations omitted). 93 N.M. at 104, 597 P.2d 280.

In *State v. Brewster,* 86 N.M. 462, 525 P.2d 389 (Ct.App.1974), this court stated that, "[t]he granting or denial of a motion for continuance based on *absence of evidence* rests in the discretion of the trial court. There must not only be an abuse of discretion, but it must also have been to the injury of the defendant."

We conclude that, absent a motion for a continuance there is no duty upon the trial court to provide one. *State v. Smith,* 88 N.M. 541, 543 P.2d 834 (Ct.App.1975).

The trial court did not abuse its discretion in allowing the testimony of the witness to testify because the state had complied with the law and the Rules of Evidence. There was not sufficient evidence of prejudice to the defendant. The record shows the following:

A. The name of the witness was given on the witness list to defendant three months before trial.

B. The witness' testimony before the grand jury was provided to the defendant. Defendant's argument that her testimony could not be anticipated fails.

C. The actions of the witness in leaving the State of New Mexico was not the fault of the state.

D. The state disclosed her whereabouts immediately upon learning that she was in the state of North Dakota. The state agreed to give the defendant the opportunity to interview the witness when she would appear in court.

E. The defendant conducted a competent cross-examination of the witness.

F. There is no showing that, had the witness been deposed or interviewed, that the result of the jury would have been different.

G. The witness was not a surprise witness.

Based upon all the law of the State of New Mexico and all the facts and circumstances in this case, we conclude that the trial court did not err in either failure to grant a mistrial, to grant a continuance of the trial or the failure to exclude the testimony. The defendant was not denied a fair hearing as provided by the Constitution of New Mexico and the United States.

*Cumulative error.*

Defendant's fifth point for reversal alleges cumulative error. The Supreme Court has held that his first three allegations are not error. For the reasons stated above his fourth allegation is not error. There is therefore no basis for the application of the doctrine of cumulative error. *State v. McGuinty,* 97 N.M. 360, 639 P.2d 1214 (Ct. App.1982).

The judgment of the trial court and sentences are affirmed.

IT IS SO ORDERED.

DONNELLY and NEAL, JJ., concur.