802 P.2d 9

Eva M. LOPEZ, Petitioner–Appellee,

v.

EMPLOYMENT SECURITY DIVISION OF the NEW MEXICO DEPARTMENT OF LABOR, Respondent–Appellant.

No. 18933.

Supreme Court of New Mexico.

Nov. 26, 1990.

Rehearing Denied Jan. 3, 1991.

Hal Stratton, Atty. Gen. and D. Sandi Gilley, Sp. Asst., Atty. Gen., Albuquerque, for respondent-appellant.

Rodey, Dickason, Sloan, Akin & Robb, Charles E. Stuckey, Albuquerque, for petitioner-appellee.

## OPINION

SOSA, Chief Justice.

The district court reversed the decision of the Employment Security Division of the New Mexico Department of Labor (ESD) to disqualify Eva M. Lopez (claimant) under Section 51–1–7(A) of the Unemployment Compensation Law, NMSA 1978, Sections 51–1–1 through 51–1–55 (Repl.Pamp.1987 & Cum.Supp.1990). After a bench trial, the district court concluded ESD's hearing officer erred as a matter of law in disqualifying claimant from receiving benefits because of her termination of part-time employment. The court ordered claimant to reimburse ESD $204.00, which represented an overpayment of $17.00 per week for the twelve weeks during which claimant received benefits. We affirm.

A recitation of the undisputed facts as found by the district court follows. Claimant worked for four and one-half years as a program director at television station KNMZ–TV until she was laid off on May 26, 1988. While still employed at KNMZ–TV, claimant applied for part-time work with Garduno's Restaurant in Albuquerque. Claimant worked two training shifts at Garduno's on June 1 and 2 and two shifts on June 8 and 10. On June 11, claimant left the part-time employment to devote more time to obtaining full-time employment in her chosen field of telecommunications.

On June 3, claimant applied for unemployment benefits listing KNMZ–TV as her employer. ESD made a favorable determination regarding the maximum benefit amount available to claimant from which she was to receive $159.00 per week, provided she continued to satisfy the conditions of eligibility each week. *See* § 51–1–5. Claimant also received a pamphlet entitled "Unemployment Insurance Information" that stated in part:

CAN A CLAIMANT WORK PART–TIME? Although your goal is to find a full-time job, it will be to your advantage to accept part-time work. You may be eligible for unemployment insurance payments in any week which you are working less than full-time.

For the weeks ending June 4 and 11, claimant reported on her bi-weekly certification her earnings from Garduno's, which reduced her weekly benefit amount by $17.00 pursuant to Section 51–1–4(B)(2). For the next twelve weeks claimant was paid the full weekly benefit amount of $159.00. Subsequently, claimant became employed with a television station in Alabama and received no further unemployment benefits.

The district court concluded that claimant's termination of her part-time employment did not disqualify her from receiving unemployment compensation benefits, and that KNMZ–TV's account, as the base period employer, "shall be relieved of only those benefits which would have been deducted had [claimant] continued her part-

time employment." The court ordered claimant to reimburse ESD a total of $204.00, which represented an overpayment of $17.00 per week for twelve weeks.

 The issue raised in this appeal is one of first impression in New Mexico. The question is whether the legislature intended the term "employment" as used in Section 51–1–7(A) to refer only to employment upon which a claimant's base-period wages are determined, or to include any and all employment regardless that such work was not performed for a base-period employer.

Section 51–1–7(A) specifies:

An individual shall be disqualified for, and shall not be eligible to receive, benefits:

A. if it is determined by the department that he left his *employment* voluntarily without good cause in connection with his employment.... The disqualification shall continue for the duration of his unemployment....

ESD argues the legislature intended the term "employment" as used in this section to include all employment. Under such an interpretation, ESD would consider claimant's part-time employment at Garduno's, and disqualify claimant for having voluntarily left that job without good cause in connection with the employment. We believe, however, that the legislature could not have intended such a result.

 On review, the supreme court construes each part of an act in connection with every other part so as to produce a harmonious whole. *See Westgate Families v. County Clerk of Inc. Los Alamos County,* 100 N.M. 146, 667 P.2d 453 (1983). The supreme court looks to the object the legislature sought to accomplish and the wrong it sought to remedy. *Miller v. New Mexico Dep't of Transp.,* 106 N.M. 253, 741 P.2d 1374 (1987). Moreover, we are mindful that statutes are to be interpreted in order to facilitate their operation and the achievement of their goals. *Mutz v. Municipal Boundary Comm'n,* 101 N.M. 694, 688 P.2d 12 (1984).

Regarding our Unemployment Compensation Law, the legislature expressed the

state's public policy of lightening the burden for the unemployed worker and his family, who becomes unemployed through no fault of his own. *See* § 51–1–3. Since the statute in question fails to address the employment situation presented under these facts, we find the language ambiguous and in need of interpretation consistent with the legislature's intent. *See New Mexico Bd. of Educ. v. Board of Educ. of Alamogordo Pub. School Dist. No. 1*, 95 N.M. 588, 590, 624 P.2d 530, 532 (1981) (whether ambiguity exists in statute is question of law to be decided by court); *State ex rel. Newsome v. Alarid*, 90 N.M. 790, 794, 568 P.2d 1236, 1240 (1977) (statute should be interpreted to mean that which legislature intended it to mean).

█ Section 51–1–4 describes how benefits shall be paid based upon base-period wages earned during employment by a base-period employer. Because the determination of benefits rests upon a claimant's base-period employment, the term "employment" as used in the disqualification section logically can refer only to employment during which base-period wages were earned. Here, it is undisputed that the television station was claimant's base-period employer. The adoption of ESD's interpretation would result in an unjust and unreasonable application of the Act. *See City of Las Cruces v. Garcia*, 102 N.M. 25, 690 P.2d 1019 (1984). Enactments of the legislature are to be interpreted to accord with common sense and reason. *Westland Dev. Co. v. Saavedra*, 80 N.M. 615, 459 P.2d 141 (1969). We believe the result reached in this case reasonably reflects the legislature's intent. Accordingly, the judgment of the district court is affirmed in its entirety.

IT IS SO ORDERED.

MONTGOMERY and WILSON, JJ., concur.