807 P.2d 222

James BRADLEY, Petitioner–Appellant,

v.

NEW MEXICO DEPARTMENT OF LA-
BOR–EMPLOYMENT SECURITY DI-
VISION, and Nicholas Minetos, Em-
ployer, Respondents–Appellees.

No. 19056.

Supreme Court of New Mexico.

March 5, 1991.

Fine & Faure, Edward F. Snow, Albu-
querque, for petitioner-appellant.

Tom Udall, Atty. Gen., Santa Fe, D.
Sandi Gilley, Sp. Asst. Atty. Gen., Albu-
querque, for respondents-appellees.

## OPINION

SOSA, Chief Justice.

Claimant James Bradley appeals the dis-
trict court's decision affirming the denial of
benefits ordered by the Employment Secur-
ity Division of the New Mexico Department
of Labor (ESD). The decision to disqualify
claimant was based on Section 51–1–7(A) of
the Unemployment Compensation Law,
NMSA 1978, Sections 51–1–1 to 51–1–55
(Repl.Pamp.1987 & Cum.Supp.1990), which
provides for the denial of benefits when a
claimant voluntarily quits a job without
good cause connected with the work. We
reverse the court's decision based on our
recent opinion in *Lopez v. Employment
Security Division,* 111 N.M. 104, 802 P.2d
9 (1990).

The findings of fact and conclusions of
law entered by the district court may be
summarized as follows. Claimant, an un-
employed technical writer with four years'
experience, had been laid off from a job
with a landscape company called Beauty
Scapes. ESD determined that claimant
was eligible to receive unemployment com-
pensation benefits based upon his employ-
ment with Beauty Scapes, his base-period
employer. During the period in which his
eligibility was being determined, claimant
inquired of ESD if his benefits would cease
should he accept work assignments
through temporary employment agencies.
ESD informed claimant that he would not
be disqualified from receiving benefits if he
pursued short, temporary assignments,
provided he report any earned income to
ESD.

Prior to receiving his first benefit pay-
ment, claimant accepted a two-day tempo-
rary job. Claimant reported to the job
assignment on day one, but did not report
to work for the second day of the assign-
ment. Based upon his past experience with
temporary jobs, claimant believed his ser-
vices were no longer required since no one
requested him to return. Claimant report-
ed his earnings for the one day of work to
ESD. The court found that regardless of
whether claimant completed the two-day
assignment, the job would have ended on
the second day through no fault of claim-
ant. The court, however, finding substan-
tial evidence in the record, agreed with
ESD's determination that claimant had quit
the temporary job without good cause con-
nected with the work and affirmed his dis-
qualification from receiving benefits.

The claimant in *Lopez* also was disqualified under Section 51–1–7(A) when she quit part-time employment as a waitress after two days in order to devote substantial time to securing employment in her trained field of telecommunications. Her base-period employer was a television station where she had worked for four and one-half years before being laid off. In response to ESD's argument that the term "employment" as used in Section 51–1–7 included all employment, we held that "employment" as used in that section referred only to employment during which base-period wages were earned, and not to all employment as argued by ESD. We reasoned that because Section 51–1–4, which describes how benefits shall be paid, is grounded upon base-period wages the disqualification section also must refer to only employment during which base-period wages are earned. *Lopez,* 111 N.M. at 106, 802 P.2d at 11.

Here claimant qualified for benefits using the base-period employment with Beauty Scapes and remained eligible to receive benefits so long as he continued to satisfy conditions of eligibility each week, which included reporting any wages earned through temporary work assignments. Under our holding in *Lopez,* claimant's one-day absence from the temporary work assignment simply does not provide a legal basis for disqualification from benefits under Section 51–1–7(A).

Based upon the above, the decision by the district court is reversed and the cause is remanded for entry of an order consistent with this opinion.

IT IS SO ORDERED.

MONTGOMERY and FRANCHINI, JJ., concur.