7 F.3d 1044
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shannon D. CRAMER, Petitioner-Appellant,
v.
Kenneth ROMMELL, Respondent-Appellee.
 No. 93-2129.
 United States Court of Appeals, Tenth Circuit.
 Oct. 13, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 BALDOCK
 
 1
 Petitioner Shannon D. Cramer appeals the district court's dismissal of his petition for writ of habeas corpus. 28 U.S.C. 2254. We have jurisdiction under 28 U.S.C. 2253, and we affirm.
 
 
 2
 On April 1, 1976, Petitioner was convicted in Bernalillo County, New Mexico of three counts of armed robbery--a second degree felony--and was sentenced to an indeterminate term of ten to fifty years ("original sentence"). Petitioner was first paroled for an indeterminate time on the original sentence on July 9, 1979. On July 27, 1983, his parole on the original sentence was revoked. On December 8, 1983, Petitioner was convicted of five counts of robbery, and was sentenced to a determinate sentence of eight years imprisonment to be followed by two years of parole ("subsequent sentence"), to run concurrently with the parole revocation on the original sentence.
 
 
 3
 On May 18, 1986, Petitioner was paroled from his original sentence and began serving his subsequent sentence. On December 11, 1987, Petitioner was released on parole from the subsequent sentence, serving that parole concurrent with the parole from the original sentence. Under the subsequent sentence, Petitioner served two years of parole, which expired in December, 1989.
 
 
 4
 Petitioner's original indeterminate parole term was due to expire on December 2, 1992; however, on October 3, 1989, a warrant was issued for Petitioner's arrest for violating the terms of his parole. Upon Petitioner's arrest on July 10, 1990, his parole on the original sentence was again revoked and Petitioner was imprisoned on the original sentence.
 
 
 5
 When enacted in 1963, section 31-21-18 of the Probation and Parole Act provided, as it continues to provide:
 
 
 6
 The provisions of the Probation and Parole Act [31-21-3 to 31-21-19 N.M.S.A.1978] apply to all persons who, at the effective date, are on probation or parole, or eligible to be placed on probation or parole under existing laws, with the same effect as if the Act had been in operation at the time they were placed on probation or parole or became eligible to be placed thereon.
 
 
 7
 In 1980, New Mexico amended the Act, replacing indeterminate parole terms with determinate parole terms. See 1980 N.M. Laws ch. 28, 1 ("1980 Amendment"). Section 31-21-10(C) of the 1980 Amendment provides for a two-year period of parole for those convicted of first through third degree felonies. The second section of the legislation expressly provides:
 
 
 8
 The provisions of Section 1 of this act apply only to persons sentenced for crimes committed on or after July 1, 1979 and who have not been placed or become eligible to be placed on parole prior to the effective date of this act. Prior law with respect to parole remains effective with respect to other persons.
 
 
 9
 1980 N.M. Laws ch. 28, 2.
 
 
 10
 Petitioner appeals the district court's dismissal of his 2254 petition, alleging that he had a due process liberty interest in receiving a maximum two-year parole period, under N.M. Stat. Ann. 31-21-18 (Michie 1978) (Repl.1990) and the 1980 Amendment, rather than an indeterminate parole period.[2] Petitioner contends that when the New Mexico legislature adopted determinate sentencing in 1980, his prior indeterminate sentence should have been converted into a two-year determinate sentence. Petitioner urges this conclusion under the language of section 31-21-18. Petitioner argues that the phrase "at the effective date" contained in section 31-21-18 refers to the effective dates of all subsequent amendments to the Probation and Parole Act, and that because he was on parole at the effective date of the 1980 Amendment, the 1980 Amendment applied to him thereby entitling him to a reduction in parole from an indeterminate term to a two-year term. As a result, Petitioner argues, his original sentence expired prior to his arrest in 1990 for parole violations, making his imprisonment for such violations unconstitutional.
 
 
 11
 Whether an interest created by state law rises to the level of a "liberty interest" protected by the Due Process Clause of the Fourteenth Amendment is a matter of federal law. Olim v. Wakinekona, 461 U.S. 238, 244 n. 5 (1983). The scope of a claimed state-created liberty interest, however, is an issue of state law. Bishop v. Wood, 426 U.S. 341, 344 (1976). We review the district court's determination of state law de novo. Salve Regina College v. Russell, 111 S.Ct. 1217, 1221 (1991).
 
 
 12
 Legislative enactments are to be interpreted in accordance with common sense and reason. Lopez v. Employment Sec. Div., 802 P.2d 9, 11 (N.M.1990). When interpreting a statute, we presume that the legislature did not intend to enact a nullity, Incorporated County of Los Alamos v. Johnson, 776 P.2d 1252 (N.M.1989), or a law inconsistent with any existing law, Quintana v. New Mexico Dep't. of Corrections, 668 P.2d 1101, 1104 (N.M.1983). We avoid giving a statute an interpretation that would lead to an absurd result when the statute can be given a reasonable application consistent with their words and purpose. State ex rel. Valles v. Brown, 639 P.2d 1181, 1183 (N.M.1981). Further, "a statute dealing with a specific subject will be considered an exception to, and given effect over, a more general statute." Stinbrink v. Farmers Ins. Co., 803 P.2d 664, 667 (N.M 1990). This is so whether the specific statute was enacted before, after, or along with the general statute. Id.
 
 
 13
 The 1980 Amendment unequivocally states that it applies only to persons sentenced for crimes committed on or after July 1, 1979. 1980 N.M. Laws ch. 28, 2. The 1980 Amendment also explicitly provides that prior parole law remains in effect with respect to all others. Id. The existence of section 31-21-18 does not alter this explicit language. To interpret section 31-21-18 to require that the 1980 Amendment apply to everyone on parole at the effective date of the 1980 Amendment--regardless of when they committed their crimes--would render the applicability language of the 1980 Amendment null, or at the very least, inconsistent with section 31-21-18. This we will not do for two reasons. First, the 1980 Amendment is a more specific statute containing specific language of applicability and therefore will be given effect over the more general section 31-21-18. Second, the statutes can be interpreted so that both can be given effect and an absurd result avoided by simply interpreting the phrase "at the effective date" in section 31-21-18 to refer to the effective date of the entire Probation and Parole Act as enacted in 1963, and not to all subsequent amendments. We find this interpretation to be the most reasonable in light of the fact that section 31-21-18 uses the singular "effective date," rather than the plural "effective dates." Moreover, the section reads "at the effective date," not "at the effective date and the effective date of all subsequent amendments." Finally, we presume the legislature was aware of section 31-21-18 when it enacted the 1980 Amendment, yet it still inserted an express applicability provision in the 1980 Amendment, and we will not impute the legislature with useless acts.
 
 
 14
 Consequently, because Petitioner's original sentence was for crimes committed prior to July 1, 1979, the 1980 Amendment does not apply to him. Therefore, Petitioner is not entitled to a conversion of his indeterminate sentence to a parole term of two-years. Since Petitioner has no legitimate entitlement under New Mexico law, he has no due process liberty interest in a two-year parole term, see Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979), and his petition was properly dismissed.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 It is undisputed that Petitioner has exhausted his state remedies