This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38404**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ISSAC G. HARDCASTLE a/k/a**
**ISAAC HARDCASTLE,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bowles Law Firm
Robert J. Bowles
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant is convicted of aggravated battery. [DS PDF 2] On appeal, Defendant asserts that it was error not to give the jury his proposed instruction on simple battery, as a lesser included offense. [DS PDF 3] This Court issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** The sole issue before this Court on appeal is whether the evidence offered at trial supported the giving of an instruction under which the jury could have found that Defendant committed the offense of battery without also having caused great bodily harm to the victim. *See State v. Romero*, 1994-NMCA-150, ¶ 8, 119 N.M. 195, 889 P.2d 230 (explaining that a lesser included instruction is to be given only when "there is some view of the evidence which could sustain a finding that the lesser included offense was the highest degree of the crime committed"). In answering that question, this Court naturally examines the trial evidence supporting the elements that distinguish the lesser offense from the greater.

**{3}** Toward that end, our notice of proposed summary disposition pointed out that Defendant's docketing statement only informed us that the victim had "sustained a serious leg injury" and that "[i]t wasn't entirely clear . . . what contributed to or caused the leg injury." [CN 2 (quoting DS PDF 2)] We then explicitly instructed Defendant that our notice of proposed summary disposition would presume there was evidence regarding that serious leg injury, but that any memorandum in opposition should:

> provide this Court with a summary of that evidence. *See* Rule 12-208(D)(3) NMRA (requiring docketing statements to contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"); *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353 (observing that the docketing statement is intended to serve as a fair substitute for the complete record on the summary calendar); *Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (explaining that we construe the appellate rule governing the content of docketing statements to include the requirement that the appellant provide all the facts that support affirmance, including the basis for the district court's ruling).

[CN 2-3]

**{4}** Although we are still not informed what sort of injury the victim sustained, Defendant's memorandum does repeat his assertion that "the testimony was unclear as to how [the injury] occurred." [MIO PDF 2] That memorandum also concedes that a witness testified that Defendant "stomped and/or twisted the victim's leg when the victim was on the ground." [MIO PDF 3] Of course, the jury could have discredited that testimony in favor of other evidence that supported some other theory of causation, if any such theory or evidence existed. In an apparent effort to offer such a theory of causation, Defendant points out that after he either pushed or punched the victim, [compare MIO PDF 2 with DS PDF 2] he and the victim engaged in a "mutual scuffle" and fell down in the street. [Id.]

**{5}** Without knowing anything about the victim's "serious leg injury," we are in no position to resolve the question of whether a reasonable jury could have believed that the injury resulted from a fall. We also note that, even if the injury did result from the fall described, it remains unclear how a jury could have found that it was not great bodily

harm caused by Defendant. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what a part[y's] arguments might be").

**{6}** Defendant has neither asserted that he was acting in self-defense at any point nor denied that he was the initial aggressor in his encounter with the victim. *See, e.g., State v. Fransua*, 1973-NMCA-071, ¶ 4, 85 N.M. 173, 510 P.2d 106 (holding that "consent is not a defense to the crime of aggravated battery"). Rather than speculate about how any of the facts relied upon by Defendant could exonerate him of having "caused great bodily harm," *see* UJI 14-323 NMRA, we simply note that it is not the proper role of this Court to engage in speculation and surmise to construct an appellate argument for a party. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to review undeveloped arguments). Instead, this Court operates pursuant to a presumption of correctness below requiring an appellant to establish that error occurred. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). Ultimately, we conclude that Defendant has not met his burden on appeal to establish error below. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact").

**{7}** Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment of the district court.

**{8}    IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**