[No. 968.   January 6, 1904.]

# UNITED STATES OF AMERICA, Appellee, v. LEWIS E. DENSMORE, Appellant.

### SYLLABUS.

1.   Under section 1035, Revised Statutes of the United States, a defendant charged with murder in the first degree may be, found guilty of manslaughter, provided there is evidence in the case to sustain such a verdict.

2.   It is not reversible error for the court to give an instruction containing the common law definition of manslaughter, when all the evidence shows that the killing was done by one of the forms set out in the act of congress defining manslaughter; more especially as the court gave an instruction at the request of the defendant limiting manslaughter to the definition contained in the United States Statute.

3.   A defendant may be convicted as principal, when he takes part in a fracas preceding the homicide, and calls others to kill the deceased.

4.   The instructions must be considered as a whole, and their bearing upon all of the evidence in the case must be considered.

5.   Evidence of specific acts of lawlessness by the deceased, when under the influence of liquor, were properly excluded by the court.

6.   The calling in of the jury, after they have retired and deliberated on their verdict, and asking them as to the possibility of their arriving at a verdict, and sending them to their jury room for further deliberation, are not such instructions as are required to be in writing.

Appeal from the Second judicial district court, before J. W. CRUMPACKER, Associate Justice.   Affirmed.

F. W. CLANCY for appellant.                          :

There are no common-law crimes against the United States.

6 Am. and Eng. Ency. of Law (2 Ed.), 289.

The common-law crime of manslaughter has no existence in the courts of the United States. At common-law "Manslaughter is the unlawful killing of another, without malice, express or implied."

1 Archibald's Cr. Pr. and Pl., 225; U. S. v. Bettilini, 24 Fed. Cases, 1136-7; U. S. v. Garrebson, 42 Fed. 22; Renick v. Boyd, 99 Pa. 555; Bucher v. Commonwealth, 103 Pa. 528; Commonwealth v. Kammerer, 13 S. W. 108; State v. Black, 75 Wis. 490; Sherk v. People, 121 Ill. 61; People v. Richards, 108 N. Y. 137.

The common-law crime of murder does exist in these courts, and yet it is held that an accessory to that crime cannot be indicted and punished in the federal courts.

U. S. v. Ramsey, 27 Fed. Cas. 694.

This is but one of a number of cases showing the strictness with which federal statutes as to crimes are to be construed.

U. S. v. Britton, 108 U. S. 193; U. S. v. Wilson, 28 Fed. Cases, 719; U. S. v. Armstrong, 24 Fed. Cases 865-6; U. S. v. Barney, 24 Fed. Cases 1011.

The charge of the court gives undue prominence to phases of the case, unfavorable to defendant, and is consequently prejudicial and erroneous.

L. & N. R. Co. v. Jones, 30 So. 587.

The court erred in giving instruction 6 asked by defendant. The instruction asked was as follows: "6. If you believe that any witness has wilfully sworn falsely in any part of his evidence, you may disregard the whole of the evidence of such witness."

Territory v. Nichols, 3 N. M. 111; Territory v. Friday, 8 N. M. 204.

The court erred in excluding evidence offered as to Maxwell's character and acts of lawlessness. Even in the case of defendants charged with crime, whose rights are jealously guarded by the law, evidence is admitted

of offenses, other than the one charged, to show criminal intent or disposition.

> People v. Harris, 33 N. E. 74-5, 136 N. Y. 449, et seq.; State v. Eastwood, 50 Atl. 1077; People v. Bebby, 91 Cal. 476; Cross v. People, 47 Ill. 152; State v. Sanders, 68 Iowa 370.

The court has no right to indicate to the jury that he has an opinion favoring either side of the case on trial.

> Randolph v. Lumpkin, 10 L. R. A. 89, 14 S. W. 539; People v. Eagle, 118 Mich. 290-1-2; Mc-Peak v. Mo. Pac. R. Co., 128 Mo. 627; Railway Co. v. McCue, 35 S. W. 1080; Insurance Co. v. White, 24 S. W. 425, 427.

The court erred in giving an oral instruction to the jury on April 11, 1901. The statute as to giving instructions in writing is mandatory.

> Territory v. Perea, 1 N. M. 631-2; Territory v. Rivera, 1 N. M. 643; Territory v. Romine, 2 N. M. 124-5; Territory v. Lopez, 3 N. M. 163, 165.

Under the evidence the defendant was guilty of murder, or was innocent.

> Territory v. Fewell, 5 N. M. 43-4; Sandoval v. Territory, 8 N. M. 579-80, 582; State v. Punshon, 124 Mo. 457-8.

F. W. CLANCY for appellant, on motion for rehearing.

Whenever error appears the presumption is that it has been prejudicial.

> Thompson v. Wilson, 34 Ind. 97; Bellefontain R. W. Co. v. Hunter, 33 Ind. 355; Wiseman v. Wiseman, 73 Ind. 116; Wiley v. Givens, 6 Gratt 284-5; State v. Patton, 13 Ired-Law 422; Jackson v. Feather River W. Co., 14 Cal. 257; Carpentier v. Williamson, 25 Cal. 167; Norwood v. Kenfield, 30 Cal. 399; Kepler v.

Conkling, 89 Ind. 395; Peterson v. Hutchinson; 30 Ind. 38; Union Bank v. Mott 39 Barb. 185; Thatcher v. Jones, 31 Me. 534; Lane v. Crombie, 12 Pick. 177; Green v. White, 37 N. Y. 406-7; W. S. v. Swan, 7 N. M. 315-6.

WILLIAM B. CHILDERS for appellee.

An indictment for murder under section 5431, Revised Statutes of the United States, will sustain a conviction of voluntary manslaughter.

9 Am. and Eng. Enc. of Law, 642; People v. Dolan, 9 Cal. 576; White v. Territory, 19 Pac. 37; People v. McDonnell, 92 N. Y. 657; Watson v. State, 5 Mo. 497; See, also, cases cited in note, 1 page 643 of 9 Am. and Eng. Ency. of Law (1 Ed.).

Homicide unexplained by the actor is murder.

Mallison v. The State, 6 Mo. 400; See, also, Plummer v. The State, 6 Mo. 231; State v. Sloan, 47 Mo. 604; Hays v. Commonwealth, 14 S. R. 833; Commonwealth v. Gable, 7 Serg. & R. 423 (Pa.); Brennan v. People, 15 Ill. 511.

If the indictment charges that defendant was present, aiding and abetting another in the commission of the homicide, the proof need not conform strictly to the averment as to the actual perpetrator.

9 Am. and Eng. Ency. of Law (1 Ed.), p. 644; U. S. v. Douglass, 2 Blatch. C. C. 207, Fed. Cases, Vol. 25, Case No. 14989; U. S. v. Ross, 1 Gall. 624; 27 Fed. Cases; Case No. 16196; See, also, authorities cited in note 1, page 644, 9 Am. and Eng. Enc. (1 Ed.); People v. Ah Fat, 48 Cal. 61; State v. Payton, 90 Mo. 220; Anarchist cases, Spies v. People, 122 Ill. 1; 3 Am. St. Rep. 320.

As to instructions when considered as a whole:

2 Thompson on Trials, secs. 2309, 2314, 2317, 2324 and 2328.

As to the conduct of the court in sending the jury out to deliberate, after they had come in and stated that they were unable to agree:

Allis v. United States, 155 U. S. 117; Johnston v. State, 28 S. W. 792; Hannom v. State, 70 Wis. 448, 36 N. W. 1; Douglass v. State, 43 Wis. 394; State v. Gorham, 67 Vt. 365, 31 Atl. 845; Frady v. State, 67 Tenn. 98, Baxt. 349.

While all the remarks made by the court while giving the instructions are to be in writing, it only includes the "charge" proper.

Thompson's Charging the Jury, 147; Thompson on Trials, sec. 2380, and authorities there cited.

The rule of proving similar offenses, is only admissible for the purpose of proving knowledge or intent.

1 Greenleaf on Evidence, sec. 452, and authorities cited in note.

Particular acts of misconduct on the part of the deceased, and offenses against the law committed by him and not connected with the case, are inadmissible.

Dupee v. State, 73 Am. Dec. 425; Nugent v. State, 18 Ala. 32; Pritchett v. State, 22 Id. 39, 58 Am. Dec. 250; Franklin v. State, 29 Ala. 14; State v. Field, 14 Me. 244, 31 Am. Dec. 52; State v. Chandler, 52 Am. Dec. 599, See, also, Eggler v. People, 56 N. Y. 462; Thompson v. People, 67 N. Y. 218; McKenna v. People, 18 Hun. 580; Alexander v. Commonwealth, 105 Pa. 1.

In the federal courts the granting or refusing of a motion for a new trial is held to be addressed to the sound discretion of the court and is not the subject of review.

See note 4, 14 Enc. of Pl. and Pr., page, 955.

### STATEMENT OF FACTS.

Lewis E. Densmore was indicted in the United States court, Second judicial district, Territory of New Mexico, for the murder of John Maxwell on the Navajo Indian reservation in said district, by shooting him with a rifle. The indictment is in the ordinary form and charges murder in the first degree. To the indictment the defendant entered a plea of not guilty, and was afterwards tried by a jury, which heard the case, and, after having deliberated for a very considerable length of time, returned a verdict of guilty of manslaughter, and recommended the defendant to "the consideration of the court." Motions for a new trial and in arrest of judgment were duly filed, considered and overruled by the court, and the defendant was sentenced to serve a term of imprisonment in the territorial penitentiary at Santa Fe, and to pay a small fine and the costs, from which judgment the defendant appealed.

### OPINION OF THE COURT.

MILLS, C. J.—In his able brief, counsel for appellant has argued fifteen errors which he alleges were committed by the court on the trial of this case. As is usual on appeals of this nature, where so many exceptions are relied on, several go to the same point, and therefore, it will not be necessary for us to consider in detail each of the alleged fifteen errors, as several of them may properly be classed together, and so considered by us. We will, however, say that we have gone over the entire record with great care and that we have carefully considered the briefs which have been filed by counsel for the respective parties.

The indictment in this case charges murder in the first degree and the jury returned a verdict of guilty of manslaughter. Under the laws of the United States and a decision of the Supreme Court of the United

States, a defendant charged in an indictment with the crime of murder may be found guilty of the lower grade of crime, viz.: manslaughter, provided of course that there is some evidence which tends to bear upon that issue. By section 1035 of the Revised Statutes of the United States, revision of 1878, it is enacted that "in all criminal causes the defendant may be found guilty of any offence the commission of which is necessarily included in that with which he is charged in the indictment, or may be found guilty of an attempt to commit the offence charged; provided, that each attempt be itself a separate offence." This statute has been considered in Stevenson v. United States, 162 U. S. 313, and in United States v. Meagher, 37 Fed. 875. Under the laws of the United States, the crime of manslaughter is defined in section 5341 of the Revised Statutes of 1878. That section reads, "Every person who, within any of the places or upon any of the waters described in section 5339, unlawfully and willfully, but without malice strikes, stabs, wounds, or shoots at, or otherwise injures another, of which striking, stabbing, wounding, shooting, or other injury such person dies, either on land or sea, within or without the United States, is guilty of the crime of manslaughter.

Counsel for defendant makes the point that the court committed error in giving the jury instruction 15, which is the common-law definition of manslaughter. We do not think that this is reversible error, as the alleged killing as shown by the evidence in the case, was done by one of the forms expressly set out in the act of congress defining manslaughter, to-wit: by shooting. There is no evidence that Maxwell's death was occasioned by any other cause, and consequently the claim of defendant's counsel that this instruction is much broader than the statutes, has no weight, because the evidence shows that deceased was killed by one of the ways mentioned in the statute. In addition to this

the learned court gave instruction 2, asked by defendant, which is a correct definition of manslaughter under the United States statute applicable in this case.

Counsel for appellants contends, that Densmore could not be convicted as an accessory to the killing, as there is no United States law which provides for the conviction of any one as an accessory to manslaughter. We do not understand that appellant was convicted as an accessory but as a principal. But two witnesses testified who were present at the shooting, to-wit: Esquibel and appellant, and their testimony varies in very important particulars. Esquibel testifies that after several shots had been fired, and when both appellant and deceased had fallen to the ground, that appellant called out, "Boys kill him," and that deceased was then shot by one Baca (deceased), then lying on the ground. The testimony of the witness Esquibel evidently was believed by the jury, and that of appellant was not. There can be no doubt but that appellant was present at the time deceased was shot, and that he took part in the fracas which immediately preceded the killing, and if the jury believed from the evidence that he called out to his associates to kill the deceased, they were justified in returning a verdict against appellant, even if Baca fired the fatal shot, on the ground that Baca's act was the act of the appellant.

Several errors were assigned by the appellants to the instructions given by the court to the jury. Possibly if these instructions singled out stood alone some of them might have been erroneous, but this is not the way in which the instructions given by the trial court should be looked at. The instructions must be looked at as a whole, and their bearing upon all of the evidence introduced in the case must be considered. "The judge should instruct the jury as to the law applicable to all the reasonable hypotheses furnished by the evidence, leaving the jury to find the facts and apply the law to the facts as found." 2 Thompson on Trials, sec.

2324; King v. King, 37 Ga. 205. The greatest objection which can be found to the instructions given in this case is their extreme length, and to the fact that the court several times charged in varying language that no appreciable space of time need necessarily intervene between the formation of the intention to kill and the act itself, as an ingredient of the crime of murder. We can not see, however, that this repetition worked any harm to appellant, for the jury did not find him guilty of murder, but of the lesser crime of manslaughter. Taking the instructions as a whole we think that they fairly state the case and that they were not prejudicial to the defendant.

There is nothing in the eleventh error assigned by the appellant, that "The court erred in excluding evidence offered as to Maxwell's character and acts of lawlessness." The evidence sought to be introduced was as to specific acts of lawlessness upon the part of the deceased, when under the influence of liquor. The court did allow the appellant to show the general reputation of the deceased in this respect, but we think properly refused to admit evidence of specific acts of lawlessness. To have admitted such evidence would have brought in matters tending in no way to prove the issues involved in the trial of the case. The evidence as to the general character of the deceased for lawlessness, when under the influence of liquor, was admitted in evidence, which is in our opinion going quite as far as is allowed by law. The rule of proving similar offences, is only admissible for the purpose of proving knowledge or intent, or where the crime charged in the indictment is so linked with some other crime that, in proving one, the same evidence would prove the other. 1 Greenleaf on Ev., sec. 452. The same rule prevails in many of the states of the Union. "Particular acts of misconduct on the part of the deceased, and offenses, against the law committed by him, and not connected with the case, are inadmissible." Dupree v. State, 73 Am. Dec. 425; Pritch-

ett v. State, 58 Am. Dec. 250; Franklin v. State, 29 Ala. 14; State v. Field, 14 Mo. 244; State v. Chandler, 52 Am. Dec. 599.   Other courts have also held that on trial on an indictment for murder, evidence offered on behalf of defendant, of particular instances of exhibitions of violent and ungovernable temper upon the part of the person killed, was properly excluded, as not being competent, Eggler v. People, 56 N. Y. 642 Thompson v. People, 67 N. Y. 218; McKenna v. People, 18 Hun 580; Alexander v. Commonwealth, 105 Pa. 1.   We are aware that some courts hold to the contrary, but we think that the weight of authority largely preponderates in favor of the view we take.

Another point relied on by appellant is that the court committed error in giving an oral instruction to the jury on April 11, 1901.   It is true that the Compiled Laws of the Territory provide that instructions to the jury shall be in writing, and in the case at bar we think that all of the instructions were given in writing.   The record discloses that the jury were instructed and retired to deliberate on April 9, 1901; that at about noon on April 11, 1901, they came into court "and thereupon one of their members stated in substance that the jurors could never agree, no matter how long they might be kept together; that they stood nine to three and had taken about one hundred votes; that they had tried to convince the three without success; that the three were not willing to be guided by a consideration of the evidence or the opinion of the majority, and displayed irritation and anger at the course of the majority; and thereupon the court sent the said jurors out for a further consideration of the case, and said in effect that the expense of the trial had been great, and that another trial would be an additional expense much greater than would be incurred by keeping the jury together for a further time; to which action of the court, and to his said statement to the jurors, defendant by his counsel then and there duly excepted."

We do not think that these remarks by the court were instructions to the jury such as the statute contemplates should be given in writing.    The duty of the court as defined by our statute, section 2994, Compiled Laws of 1897, is to instruct the jury in writing "as to the law of the case."    This is the charge to the jury in which the law of the case is stated.    We cannot believe that counsel seriously contends that the remarks just above quoted are any part of the instructions.    They do not purport to nor do they instruct the jury as to either the law of the facts in the case, and certainly nothing that the court said, can be construed as harmful to the appellant.    Indeed the learned counsel for appellant does not take exceptions to what the court said, but only to the fact that he did not first write it out or have it written out and then read it to the jury.    This assignment of error is not well taken.

The assignment that the court erred in denying the motion for a new trial is not well taken.    In his brief filed in this cause the learned counsel for the appellant says that he does "not ignore the well-established rule that the action of a court on a motion for a new trial is a matter of discretion, and as a general rule not reviewable on appeal."    We think that this statement of counsel fairly states the rule of law.    In the Federal courts the granting or refusing of a motion for a new trial is universally held to be addressed to the sound discretion of the court, and not to be reviewable.    See long list of cases cited in 14 Am. and Eng. Ency. P. & P., page 955, note 4.

Defendant was indicted on September 28, 1900, and was tried the following April.    He had notice that Esquibel was a witness for the government, and would testify on the trial.    The affidavit of the appellant filed in support of his motion for a new trial is that he was taken by surprise by the evidence of the witness Esquibel as he had been told by at least two persons that Esquibel had told them that appellant had nothing to do with the

shooting.    There are also the affidavits of three persons that Esquibel had told different stories about the shooting, all inconsistent with his evidence in court.

It nowhere appears that any effort was made to have any of these several parties present in court during the trial.    Appellant knew that Equibel was to testify and should have been prepared to meet his testimony if he could have done so.    If new trials were granted on such affidavits as those above referred to, trials would never be ended in this Territory.    We will not interfere with the discretion of the court in refusing to grant the motion for the new trial.

The last alleged error of the appellant is that he was either guilty of murder or that he was innocent.    We have heretofore in this opinion gone into the matter of the instruction for homicide.    The jury were instructed both as to murder and homicide.    They heard all of the evidence in the case, and doubtless concluded that malice, either express or implied, was not proved, hence their verdict of manslaughter and not murder.    We consider this point as not well taken.

There is no reversible error apparent to us in the record and the judgment entered below is therefore affirmed; and it is so ordered.

Parker, McFie, and Baker, JJ., concur.    Pope., A. J., not having heard the argument in this case, took no part in this decision.