791 P.2d 804
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Chris LUCERO, Defendant–Appellant.**

**No. 11113.**

Court of Appeals of New Mexico.

March 29, 1990.

Certiorari Denied May 8, 1990.

Hal Stratton, Atty. Gen., Katherine Zinn, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Jerry Todd Wertheim, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

MINZNER, Judge.

Defendant appeals his conviction in a jury trial for battery of a police officer. The sole issue on appeal is whether the trial court erred in denying defendant's motion for a mistrial after it read the jury a general explanatory instruction used in civil cases. We affirm defendant's conviction.

The trial court gave the jury an oral, pre-evidentiary instruction, patterned after SCRA 1986, 13–106. The jury was instructed "[t]here are at least two sides to every lawsuit. You should not attempt to make up your mind about the case until it has been submitted to you for deliberation." Defendant objected and moved for a mistrial. The court denied the motion, but on the request of defense counsel, addressed the jury regarding the "two sides" instruction. The court stated that the state had the burden of proving the elements of the indictment beyond a reasonable doubt and defendant had no burden of proof. *See* SCRA 1986, 14–101 (Cum.Supp.1989). The court repeated that defendant takes one side and the state takes another.

Defendant does not argue that any of the written instructions tendered to the jury at the close of the trial were incorrect. Included in the charge were SCRA 1986, 14–5060, instructing on defendant's presumption of innocence and the state's burden of proof, and SCRA 1986, 14–5031, instructing the jury not to draw any inference of guilt from the fact that defendant did not testify. The written instructions tendered to the jury contained at least nine references to defendant's presumption of innocence and the state's burden of proof.

Defendant contends that in giving the oral, pre-evidentiary instruction, the trial court implied he had some burden of proof in the case, and that neither the court's additional remarks nor the written instructions tendered to the jury cured the error. Defendant argues that an erroneous instruction shifting the burden of proof violates his due process right, *see Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), and cannot be corrected by a proper instruction contradicting it. *See State v. Horton*, 57 N.M. 257, 258 P.2d 371 (1953). He maintains that this court cannot be sure that the jury in this case followed the correct instructions.

■ We agree with defendant that the statement made by the trial court was reversible error if a reasonable juror might have understood the statement as relieving the state of its burden of proof. *See State v. Cummings*, 57 N.M. 36, 253 P.2d 321 (1953). However, we view the statement as ambiguous and we conclude that, in light of the court's subsequent instructions, making the statement was not reversible error.

■ Because the grant or denial of a mistrial is discretionary, this court will not disturb the trial court's ruling without a clear showing of abuse of discretion. *State v. Perrin*, 93 N.M. 73, 596 P.2d 516 (1979). A trial court abuses its discretion when it rules clearly against logic and the effect of the facts of the case. *State v. Simonson*, 100 N.M. 297, 669 P.2d 1092 (1983). Use of a motion for a mistrial is not appropriately addressed to mere erroneous rulings of law, but generally is used to specify such fundamental error in a trial as to vitiate the result. *State v. Day*, 94 N.M. 753, 617 P.2d 142, *cert. denied*, 449 U.S. 860, 101 S.Ct. 163, 66 L.Ed.2d 77 (1980). Thus, the question before this court is whether the trial court's reference to "two sides to every [question]" amounted to a fundamental error inconsistent with due process. We believe that it does not.

■ Due process requires that the trial court properly instruct a jury on the burden of proof. Jury instructions must not relieve the state of its burden of proof for every essential element of a crime. *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). In *Francis*, the United States Supreme Court overturned a defendant's conviction where the trial court submitted an erroneous written instruction creating a mandatory rebuttable presumption that a person intends the natural and probable consequences of his acts. The jury had also been instructed that the state bore the burden of proof on every element of the crime. The Court held that if a reasonable juror might understand an instruction as relieving the state of its burden of proof, then a reviewing court must read that instruction in the context of the jury charge as a whole. *Id.* In reversing the defendant's conviction, the Supreme Court held that the instruction could be interpreted as impermissibly shifting the burden of proof to the defendant on the element of intent, even when considered in connection with correct instructions on the state's burden of proof and the defendant's presumption of innocence. *Id.* "Nothing in * * * the charge as a whole [made] clear to the jury that one of these contradictory instructions carrie[d] more weight than the other. Language that merely contradicts and does not explain a constitutionally infirm instruction will not suffice to absolve the infirmity." *Id.* at 322, 105 S.Ct. at 1975, 85 L.Ed.2d at 358. However, the Supreme Court left open the possibility that additional language might have cured the erroneous language so that a reasonable juror could not have considered the charge to have unconstitutionally shifted the burden of proof. *Id.*

■ Our supreme court has long held that instructions must be considered as a whole and not singly. *State v. Crosby*, 26 N.M. 318, 191 P. 1079 (1920); *United States v. Densmore*, 12 N.M. 99, 75 P. 31 (1904). Instructions are sufficient if, when considered as a whole, they fairly present the issues and the applicable law. *See State v. Gunzelman*, 85 N.M. 295, 512 P.2d

55 (1973); *State v. Rhea*, 86 N.M. 291, 523 P.2d 26 (Ct.App.1974).

Defendant argues that our supreme court held in *Horton* that an erroneous instruction cannot be cured by a correct one. In that case, the trial court submitted conflicting jury instructions on self-defense at the close of the case. The supreme court reversed the defendant's conviction because it was unable to determine whether the correct instructions cured the error and whether the jury followed the correct or incorrect instruction. The court stated that "error committed in giving an incorrect instruction is not cured or rendered harmless by the giving of a correct instruction on the same subject and the rule should be applied here, * * * where the objectionable instruction was complete, unambiguous and certain." *Id.* at 261, 258 P.2d at 374 (citing *State v. Crosby*).

The supreme court based its rule in *Horton* on its rationale in *Crosby* concerning an instruction on self-defense. The *Crosby* court developed the rule subsequently adopted in *Horton* to rectify two seemingly contradictory rules: (1) that an erroneous instruction cannot be cured by a subsequent correct instruction, and (2) that instructions must be considered as a whole, and not singly. In *Crosby*, the supreme court held that a correct instruction on self-defense did not cure an erroneous instruction, but the court also stated that "[i]f this instruction were ambiguous and incomplete, and also capable of another, different, and correct interpretation * * * it might then be cured by the subsequent instruction[.]" *Id.* at 324, 191 P. at 1081.

That is precisely the case here. The trial court's statement that there were two sides to every lawsuit was capable of different interpretations: one, the more likely, is simply that there may be two viewpoints to a particular issue, and the other is that if a party puts on no evidence, there is only one possible result. Because the statement was ambiguous, we examine the instructions as a whole. *See State v. Horton.*

In this case, before the state presented its evidence, the trial court explained the prior instruction by stating:

I advised there are at least two sides to every lawsuit, and inasmuch as the State has the burden of proof in this case concerning the complaint that has been filed creates an issue to which the Defense takes one side and the State takes the other side. I don't want you to imply from that instruction I gave you earlier that the Defense has a burden of proving anything to your satisfaction. The State has the burden of proving to your satisfaction beyond a reasonable doubt the principal elements of the indictment, and I mentioned that earlier, and the Defense has no obligation in that regard.

We believe that this language satisfies the requirement of *Francis* by explaining what might otherwise be a constitutionally infirm statement. Moreover, in instructing the jury at the close of the evidence, the court made numerous references to the state's burden of proof. The jury likely gave these instructions greater weight than the trial court's opening charge because the court prefaced its opening remarks by stating that they were instructions only for during the course of the trial and that the instructions on the law of the case would be given at the end of the trial. Therefore, viewing the ambiguous statement within the context of the explanation and correct instructions, we cannot say that the jury was left with an erroneous impression, and thus that the ambiguous statement violated defendant's right to due process.

Our conclusion is also consistent with our supreme court's approach in *Horton.* There, the court first looked at the correct instructions but determined that because the erroneous instruction was complete, unambiguous, and certain, the correct instructions did not cure the error.

Furthermore, in *Horton* the court decided that it must hold that the incorrect instruction caused jury error because it could not determine on which instruction the jury relied. *See also State v. Garcia,* 83 N.M. 51, 487 P.2d 1356 (Ct.App.1971) (in a homicide case where the theory of self-defense had been a critical issue at trial and appellate court was unable to determine whether jury followed a confusing instruction on self-defense, it was reversible error to have given the confusing instruction). In that case, the court gave the jurors the incorrect instruction at the end of the trial. Here the ambiguous instruction was given at the beginning of the trial and was not before the jury during deliberation. Because the numerous correct statements concerning the state's burden of proof were before the jury during deliberation, we can reasonably assume the jury assigned the burden of proof correctly. *See People of Territory of Guam v. Ignacio,* 852 F.2d 459 (9th Cir.1988).

The transcript supports this assumption. After deliberation, the foreperson announced that the jury could not agree that the state had proven the other three counts in the indictment beyond a reasonable doubt. In this case, it is logical to assume that the jurors used the correct standard for all four counts. Thus, because we have the unusual opportunity of knowing on which instructions the jurors relied, *Horton* does not preclude this court from holding that the correct instructions clarified the ambiguous instruction.

Defendant contends that "[w]e know the jury was confused" because a juror sent a note to that effect. The note indicated the juror was bothered that the officer had hit defendant. Under the circumstances of this case, we are not persuaded that the note establishes the jury was confused about the burden of proof.

We hold that defendant has not shown that his right to due process was violated, and thus the district court did not abuse its discretion in denying the motion for a mistrial. Defendant's conviction is affirmed.

IT IS SO ORDERED.

APODACA and HARTZ, JJ., concur.